**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VCX Ltd., INC., | § | |
| A NEVADA CORPORATION, | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | |
| DOES 1-113 | § | C.A. NO.:_____ |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, VCX Ltd., Inc., by its attorney, files this Original Complaint and for cause, respectfully shows the court as follows:

**JURISDICTION AND VENUE**

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.   Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

3.   This court has personal jurisdiction over Defendants because Defendants are residents of this State, including this District, and/or because Defendants' acts of copyright infringement occurred in this State, including this District and Defendants should anticipate being haled into court in this State.

**NATURE OF THE CASE**

4.   Defendants collectively participated, via the internet, in the unlawful reproduction and

distribution of Plaintiff's copyrighted motion picture, "*Debbie Does Dallas,*" by means of file transfer technology called, BitTorrent. Defendants initiated their infringing conduct by first logging into the public BitTorrent website www.fulldls.com, (or a related site) known for its large index of copyrighted movies, television shows, software and adult videos. Defendants each then obtained a reference file for Plaintiff's motion picture from the video index and loaded that reference file into a computer program designed to read such files. With the reference file loaded, this BitTorrent program employed the BitTorrent protocol to initiate simultaneous connections to hundreds of other users possessing and "sharing" copies of the digital media described in the reference file, namely, Plaintiff's motion picture. Once connected, the program began coordinating the copying of Plaintiff's film to the Defendants' computers from the other users sharing the film. As the film was copied to the Defendants' computers piece by piece, the downloaded pieces were immediately made available to other users seeking to obtain the file. It is in this way that each defendant simultaneously reproduced and/or distributed the motion picture.

## PARTIES

5.      Plaintiff is a motion picture production company that markets and distributes adult entertainment videos in various media. Plaintiff brings this action to stop Defendants from copying and distributing unauthorized copies of the classic adult motion picture, "*Debbie Does Dallas*," over the internet. Plaintiff is the registered copyright owner of the motion picture in question. Defendants' infringements allow them and others to unlawfully obtain and distribute unauthorized copies of Plaintiff's work for which Plaintiff spent a substantial amount of time, money and effort to market and distribute. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted motion picture to others over the internet, particularly via BitTorrent, each recipient can then distribute that unlawful copy to others without degradation in sound or picture quality. Thus, a

Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights in the motion picture, "*Debbie Does Dallas*."

6. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same. Plaintiff further believes that the information obtained in discovery may lead to the identification of additional infringing parties to be added to this Complaint as defendants, since monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COPYRIGHT INFRINGEMENT AND BITTORRENT

7. Copying media with BitTorrent technology requires three principal components: (1) a BitTorrent "client" application, (2) indexing websites known as "torrent sites" and (3) computer servers known as BitTorrent "trackers." Each is necessary for normal BitTorrent transfers.

8. The process works as follows: users download a small program that they install on their computers – the BitTorrent "client" application. The BitTorrent client is the user's interface during the downloading/uploading process. There are many different BitTorrent clients, all of which are readily available on the internet for free. BitTorrent client applications typically lack the ability to search for files. To find files available for download, users must visit torrent sites using any

standard web browser.

9. A torrent site is a website that contains an index of files being made available by other users (generally an extensive listing of movies and television programs, among other copyrighted content). The torrent site hosts and distributes small reference files known as "torrents." Although torrents do not contain actual audio/visual media, they instruct a user's computer where to go and how to get the desired file. Torrents interact with specific trackers, allowing the user to download the desired file.

10. A BitTorrent tracker manages the distribution of files, connecting uploaders (those who are distributing content) with downloaders (those who are copying the content). A tracker directs a BitTorrent user's computer to other users who have a particular file, and then facilitates the download process from those users. When a BitTorrent user seeks to download a movie or television file, he or she merely clicks on the appropriate torrent file on a torrent site, and the torrent file instructs the client software how to connect to a tracker that will identify where the file is available and begin downloading it.

11. Files downloaded in this method are downloaded in hundreds of individual pieces. Each piece that is downloaded is immediately thereafter made available for distribution to other users seeking the same file. The effect of this technology makes every downloader also an uploader of the content. This means that every user who has a copy of the infringing material on a torrent network must necessarily also be a source of download for that material.

## CLAIMS OF COPYRIGHT INFRINGEMENT

12. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13. The Plaintiff alleges that each Defendant, without the permission or consent of the

Plaintiff, has used, and continues to use, BitTorrent software to reproduce and/or distribute Plaintiff's motion picture to hundreds of other BitTorrent users. Exhibit A identifies the John Doe Defendants known to Plaintiff as of the date of this Complaint who have, without the permission or consent of Plaintiff, distributed the copyrighted work en masse, through a public website and any one of various public BitTorrent trackers such as, [tracker.openbittorrent.com/announce](tracker.openbittorrent.com/announce), [tracker.torrentbox.com:2710/announce](tracker.torrentbox.com:2710/announce), or [tracker.publicbt.com/announce](tracker.publicbt.com/announce). In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.

14. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

15. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorney's fees and costs pursuant to 17 US.C. § 505.

16. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted motion picture "*Debbie Does Dallas*," made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted motion picture, "*Debbie Does Dallas*." and any motion picture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the internet to

reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

b. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

c. For Plaintiff's costs.

d. For Plaintiff's reasonable attorney's fees.

e. For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ *E. F. Stone*
Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Office: 469-248-5238