IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VCX LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1702-B |
| | § | |
| DOES 1-113 | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff VCX, Ltd. has filed a motion for leave to conduct limited discovery prior to a Rule 26(f) conference in order to determine the true identities and contact information of the "Doe" defendants named in its complaint. After reviewing the motion and the sworn declaration attached thereto, the court finds that good cause has been shown and the motion [Doc. #3] is granted. Accordingly,

1. Plaintiff may serve immediate discovery on the internet service providers BellSouth.net, BitTorrent, Charter Communications, Comcast Cable, Cox Communications, EarthLink, Embarq Corporation, FDCservers.net, Florida Cable, Frontier Communications, Fuse Internet Access, Glenwood Telephone Membership, Hawaii Pacific Teleport LP, Insight Communications Company, MetroCast Cablevision, New Wave Communications, Cablevision of St. Joseph, Ntelos - Pannaway ring 3550 DSL, Optimum Online, Pony Express.Net, Qwest Communications, RCN Corporation, Road Runner, SBC Internet Services, Suddenlink Communications, TDS Telecom, Cable Nebraska V, LLC, Verizon Internet Services, Windstream Communications, WireSix and WorldPath Internet Services to obtain the identity of each "Doe"

defendant by serving each a Rule 45 subpoena that seeks information sufficient to identify each defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses; it is further

2.   Plaintiff may serve immediate discovery on any service provider identified by the same means detailed in its motion and declaration, or identified as providing internet access to one or more "Doe" defendants, by a provider upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time the infringing activity through that IP address occurred.  Such Rule 45 subpoena shall seek information sufficient to identify each "Doe" defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

3.   Plaintiff may serve a Rule 45 subpoena in the same manner as above to any service provider that is identified in response to a subpoena as a provider of internet services to one of the "Doe" defendants.

4.   Any information disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of prosecuting this action.

5.   Any service provider who objects to producing information, or who seeks to quash or modify a subpoena, shall preserve any subpoenaed information pending the resolution of any timely filed motion.

6.   Plaintiff shall provide each service provider with a copy of this Order.

SO ORDERED.

DATED: September 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE