IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VCX LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1702-B |
| | § | |
| DOES 1-113 | § | |
| | § | |
| Defendants. | § | |

## ORDER

This is a copyright infringement action brought by plaintiff against 113 Doe defendants who allegedly downloaded and distributed the motion picture film *Debbie Does Dallas* over the Internet. On September 8, 2010, the court authorized plaintiff to serve Rule 45 subpoenas on various Internet Service Providers, including Comcast Cable ("Comcast"), in order to discover the names, addresses, telephone numbers, e-mail addresses, and Media Access Control Addresses of the Doe defendants named in its complaint. Two defendants, identified as Doe 36 and Doe 68,[1] now move to quash the subpoenas served on Comcast. As grounds for their motions, both defendants deny using their computers to access the copyrighted movie made the basis of this suit, and blame any unauthorized downloading and distribution of the movie on unknown third parties. Doe 36 further objects to the release of his or her "personal and private information" by Comcast.

Rule 45(c)(3) sets forth the grounds on which a court must or may quash a subpoena. *See* FED. R. CIV. P. 45(c)(3)(A) & (B). The only ground specified in the rule that is remotely implicated

---

[1] Doe 68 does not identify himself or herself as such. Instead, this defendant provides only his or her Internet Protocol ("IP") address. The court has ascertained the identity of Doe 68 by comparing the IP address provided by defendant to the IP addresses listed in Exhibit A to plaintiff's complaint.

by either motion is that the Comcast subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" FED. R. CIV. P. 45(c)(3)(A)(iii). However, the information subpoenaed by plaintiff -- the names, addresses, telephone numbers, e-mail addresses, and Media Access Control Addresses of the Doe defendants named in its complaint -- is not inherently private or confidential. *See West Bay One, Inc. v. Does 1-1,653*, --- F.R.D. ---, 2010 WL 3522265 at *3 (D.D.C. Sept. 10, 2010) (citing cases) ("Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers."). Likewise, the fact that the Doe defendants may have valid defenses to the underlying lawsuit is not a ground for quashing the subpoena. *Id.* ("While the movants' denial of liability may have merit, the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.").

For these reasons, the motions to quash filed by Doe 36 [Doc. #10] and Doe 68 [Doc. #9] are denied.

SO ORDERED.

DATED: October 21, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE